```
                     UNITED STATES DISTRICT COURT

                        DISTRICT OF CONNECTICUT
```

```
Oscar L. Anderson,              :
       Plaintiff,               :
                                :
    v.                          :    CASE NO. 3:13-cv-0425(AVC)
                                :
Leo C. Arnone, et al.,          :
       Defendants.              :
```

### RULING ON PLAINTIFF'S MOTIONS TO COMPEL [Doc. #18] AND FOR MISCELLANEOUS RELIEF [Doc. #19]

The plaintiff, currently incarcerated, has filed motions to compel and for miscellaneous relief.  For the reasons that follow, the plaintiff's motions are denied.

The plaintiff first moves to compel responses to interrogatories and production of documents.  Motions to compel are governed by Rule 37 of the Federal Rules of Civil Procedure and District of Connecticut Local Civil Rule 37.  The local rule requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute.  The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention.  See Hanton v. Price, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006).  If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which

Case 3:13-cv-00425-AVC   Document 24   Filed 03/14/14   Page 2 of 3

remain. In addition, Local Rule 37(b)1 requires that copies of the discovery requests must be included as exhibits.

The plaintiff has not complied with any of these requirements. He has provided a copy of his interrogatories but not the request for production of documents. He has not submitted an affidavit or memorandum and fails to indicate that he made any effort to confer with counsel regarding the defendants' objections to his requests. Accordingly, the motion to compel is denied.

The plaintiff also seeks an order that he not be transferred to another correctional facility or within the correctional facility, that his cell not be searched and that he not be subjected to any harassment. The plaintiff indicates that he would consider any such actions retaliatory. He also seeks access to inmates at other correctional facilities should it become necessary during this case. The defendants object on the ground that the plaintiff fails to cite any legal authority supporting his requests and has demonstrated no need to contact other inmates.

Inmates have no constitutionally protected right to be confined in any particular correctional facility or in any area within a correctional facility. See Jarecke v. Hensley, 552 F. Supp. 2d 261, 265 (D. Conn. 2008) (citations omitted). The plaintiff's request for an order preventing his transfer is denied. In addition, the courts have recognized that cell searches are an important tool in prison administration. See Hudson v. Palmer, 468

remain. In addition, Local Rule 37(b)1 requires that copies of the discovery requests must be included as exhibits.

The plaintiff has not complied with any of these requirements. He has provided a copy of his interrogatories but not the request for production of documents. He has not submitted an affidavit or memorandum and fails to indicate that he made any effort to confer with counsel regarding the defendants' objections to his requests. Accordingly, the motion to compel is denied.

The plaintiff also seeks an order that he not be transferred to another correctional facility or within the correctional facility, that his cell not be searched and that he not be subjected to any harassment. The plaintiff indicates that he would consider any such actions retaliatory. He also seeks access to inmates at other correctional facilities should it become necessary during this case. The defendants object on the ground that the plaintiff fails to cite any legal authority supporting his requests and has demonstrated no need to contact other inmates.

Inmates have no constitutionally protected right to be confined in any particular correctional facility or in any area within a correctional facility. See Jarecke v. Hensley, 552 F. Supp. 2d 261, 265 (D. Conn. 2008) (citations omitted). The plaintiff's request for an order preventing his transfer is denied. In addition, the courts have recognized that cell searches are an important tool in prison administration. See Hudson v. Palmer, 468

U.S. 517, 527 (1984) (holding that prison officials required unfettered access to prisoner cells and broad discretion over when to search cells to deter possession of contraband and ensure sanitary conditions).  Thus, the request to prohibit searches of the plaintiff's cell during the pendency of this case is denied.  If the plaintiff considers any of the searches or any possible transfers retaliatory, he may file a lawsuit for retaliation.

Finally, the plaintiff seeks access to unidentified inmates in other correctional facilities if needed.  Until the plaintiff can identify the inmates and explain why access is required, the court cannot properly evaluate the request.  The request is denied as premature.

The plaintiff's motions to compel [**Doc. #18**] and for order [**Doc. #19**] are **DENIED**.

**So ordered at Hartford, Connecticut, this   12th   day of March 2014.**

                                **/s/ Thomas P. Smith**
                                **Thomas P. Smith**
                                **United States Magistrate Judge**